■ EDITH ALEXANDER, Appellant, v MOUNT SINAI MEDICAL CENTER et al., Respondents. — Order of the Supreme Court, New York County (Ryp, J.), entered June 7, 1982, granting defendants' motions to amend their answers to include the defense of Statute of Limitations, and on the basis thereof, granting summary judgment to defendants, unanimously affirmed, without costs. Although Special Term relied on the 90-day period fixed by CPLR 7511 as the appropriate Statute of Limitations, in accordance with United Parcel Serv. v Mitchell (451 US 56), the Supreme Court has now amended its thinking to hold that the appropriate Statute of Limitations in fair representation cases

is the six-month time period fixed in subdivision (b) of section 10 of the National Labor Relations Act (49 US Stat 453, US Code, tit 29, § 160, subd [b]; *Del Costello v International Brotherhood of Teamsters,* 462 US __). That statute is now made applicable both to the employer and to the union. While it may be argued that there is a valid distinction between those cases in which an arbitration award has been rendered and those in which the union has elected not to proceed to arbitration, the Supreme Court in *Del Costello* makes no such distinction. It refers only to the union's duty of fair representation, which includes both preliminary grievance procedure and arbitration. Moreover, the policy considerations which underlie the court's determination, i.e., the need for speedy disposition for "the 'law of the shop', could easily become unworkable if a decision which has given 'meaning and content' to the terms of an agreement, and even affected subsequent modifications of the agreement, could suddenly be called into question" at a time substantially later (*United Parcel Serv. v Mitchell, supra,* p 64), are equally applicable to both. So far as concerns the claim of retroactivity, we need only point out that this matter was still in the litigation stage when the motions to amend the answers were made and the law applicable to its determination would normally be the law in effect when it is decided. (*Gager v White,* 53 NY2d 475, 483.) Hence, we perceive no error in permitting the answer to be amended. Concur — Kupferman, J. P., Carro, Asch, Bloom and Alexander, JJ.